### LANGE v. WINGRAVE et al.

(District Court, E. D. Louisiana, New Orleans Division. February 2, 1924.)

#### No. 17378.

1. War ⊂⇒34—Irregularities as to sale of property of alien enemy cured by treaty of peace.

A citizen of Germany cannot have property seized and sold by the Alien Property Custodian restored to him, because of irregularities as to the power of attorney under which the sale was made, and the fact that the sale was private and not by auction, as provided for in the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½ff, 3115½g–3115½j), the irregularities being cured by the Treaty of Peace with Germany Aug. 25, 1921, § 5.

2. War ⊂⇒12—Alien enemy has no recourse as to property seized and converted.

A German national has no recourse as to property seized by the United States during the war with Germany and converted to the use of the United States.

3. War ⊂⇒34—Treaty of peace held to prevent German national from raising question of irregularity of sale of property seized.

Treaty of Peace with Germany Aug. 25, 1921, § 5, authorizing the retention by the United States of all property of German nationals in its possession until the German government has made suitable provisions for the satisfaction of the claims of the United States and its citizens, and providing that all rights and advantages stipulated in the Treaty of Versailles for the benefit of the United States shall be enjoyed by the United States, *held* to prevent a German national from raising the question as to the regularity of the sale and transfer of his property under the war legislation and administrative orders as enemy property.

In Equity. Suit by Herman Ludwig Richard Lange against John J. Wingrave, Ceferino Rodriguez, and Thomas W. Miller, as Alien Property Custodian. On motion to dismiss. Bill dismissed.

Charles F. Helmecke, of New Orleans, La., for complainant.

Louis Henry Burns, U. S. Atty., of New Orleans, La. (Wayne G. Borah, Asst. U. S. Atty., of New Orleans, La., and Dean Hill Stanley, Sp. Asst. Atty. Gen., of counsel), for Alien Property Custodian.

William C. Orchard and John J. Wingrave, both of New Orleans, La., for defendants Wingrave and Rodriguez.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FOSTER, District Judge. [1] The bill in this case in substance alleges that the plaintiff is a citizen of Germany, residing in said country, formerly a subject of the German emperor; that he inherited a certain piece of real estate in the city of New Orleans of the value of $12,000; that the said property was seized November, 1919, by the Alien Property Custodian in pursuance of the Act of Congress of October 6, 1917, known as the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½ff, 3115½g–3115½j); that on misrepresentations by the defendant Wingrave the Alien Property Custodian agreed to the sale of the property, and it was sold at private sale for cash for $2,000; that in executing the sale, the Alien Property Custodian was represented by one McKinney, acting under a power of attorney; that this sale was made on May 14, 1920, and on the same day Wingrave sold the property to the other defendant, Rodriguez, for $5,000; that both the transfers were fraudulent and void; that the sale was illegal, not being in conformity to the Act of March 28, 1918 (40 Stat. 459). The bill prays for service, and for judgment in favor of plaintiff, recognizing him as the true and lawful owner of the property, and entitled to full and undisputed possession, and for a decree ordering the delivery of possession to him.

The Alien Property Custodian has filed an answer, including a motion to dismiss the bill on various grounds, not necessary to state. It is the theory of the plaintiff that, because the property was not sold at auction, and because of the allegations of fraud contained in the bill, that the sale is void, and that the property is still legally in the custody of the Alien Property Custodian. This theory, I think, is untenable.

[2] Without doubt the plaintiff was an alien enemy at the time the property was seized. While the United States was at war with Germany, the property might have been seized and converted to the use of the United States without any recourse to the plaintiff. Any rights that the plaintiff might have had, or has now, are controlled by the Treaty of Peace between the United States and Germany. The plaintiff is not seeking to obtain from the Alien Property Custodian the amount that the property brought, as he might have done, but seeks to have the sale annulled and the entire property restored to him.

[3] Section 5 of the treaty of peace with Germany, signed August 25, 1921, provides that all property of German nationals which was on December 7, 1917, in the possession or control of the United States, or has since that date come into such possession or control, shall be retained by the United States, and no disposition thereof shall be made, except as may be specifically provided by law until the German government shall have made suitable provision for the satisfaction of all claims against said government of all persons who owe allegiance to the United States and have suffered through acts of the Imperial German government.

The treaty further specifically provides that all rights and advantages stipulated in the Treaty of Versailles for the benefit of the United States, defined in section 1, part 4, part 10, and other parts not pertinent to this inquiry, shall be fully enjoyed by the United States notwithstanding that the said treaty has not been ratified by the United

States. Article 297 of the Treaty of Versailles and the annex to part 4, which are included in part 10 of the said treaty, deal with the seizure and disposition of private property. These sections clearly contemplate that no question shall be raised as to the regularity of the sale and transfer of any property rights or interest owned by a German national dealt with under the war legislation and administrative orders as enemy property.

The action at bar must be controlled by these provisions. The bill alleges a sale by the Alien Property Custodian, although the power of attorney is attacked as not being sufficient or regular, and although it is alleged the transfer was a private sale, instead of by auction, as provided for in the Trading with the Enemy Act. These are irregularities which are cured by the provisions of the treaty of peace. Injustice may arise in individual cases but considering the vast amount of property, and the wholesale taking over of going business concerns by the Alien Property Custodian during the war, it is manifest that it would be against public policy to at this time open the courts to every person feeling himself aggrieved by irregularities in the conduct of the business or the sale of the property.

The bill does not make out a case entitling the plaintiff to relief. It will be dismissed.